UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1687 CDP |
| ) | |
| ST. LOUIS COUNTY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief can be granted.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the St. Louis County Police Department, USAA Garrison Insurance Company ("USAA"), and John Doe. The majority of plaintiff's complaint consists of incoherent and unsupported allegations concerning a conspiracy between judges, court clerks, and police officers to deprive plaintiff of his due process rights.

More specifically, plaintiff alleges that he was "assaulted" by unknown persons who took his truck from his driveway. Plaintiff says that an officer of the St. Louis County Police Department "authorized and assisted the removal" of his truck, and he claims that the Department failed to report the incident as a crime. Plaintiff also asserts that USAA breached its contract with him when the truck was taken.

Plaintiff's allegations are largely duplicative of the complaint he filed as Watson v. Missouri, 4:13CV782 RWS (E.D. Mo.), which was dismissed as frivolous. In that case, plaintiff alleged that his truck was repossessed and that USAA refused to pay for a rental car. The Court dismissed the case without prejudice because plaintiff failed to allege that a state actor violated his constitutional rights. Plaintiff filed an appeal, and the Court of Appeals dismissed it for want of prosecution. Watson v. Missouri, No. 13-2567 (8th Cir. Oct. 28, 2013).

## Discussion

The complaint is frivolous against the St. Louis County Police Department because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). Moreover, to bring an action against St. Louis County, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). There are no such allegations in the complaint. So, even if the Court were to construe plaintiff's claims to be against St. Louis County, they would still fail to state a claim.

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). In this action, there are no allegations showing that USAA is a state actor or that it conspired with state actors to violate plaintiff's rights. As a result, plaintiff's allegations concerning USAA fail to state a claim upon which relief can be granted.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, there is no information about the John Doe defendant that might lead to his identity after reasonable discovery. Therefore, John Doe must be dismissed.

For each of these reasons, the complaint must be dismissed under § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 7th day of October, 2014.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE